# IN THE SUPERIOR COURT
# OF GUAM

DRC, INC.,                                    )        Civil Case no. CV0894-04
                                             )
                        Plaintiff             )
                                             )
        vs.                                   )              **AMENDED**
                                             )        **DECISION AND ORDER**
GUAM ENVIRONMENTAL                            )
PROTECTION AGENCY and the                     )
GOVERNOR OF GUAM,                             )
                                             )
                        Defendants.           )
                                             )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on a hearing in further proceedings on June 18, 2012. At the hearing Plaintiff was represented by attorney David S. Lujan. Defendants were represented by Assistant Attorney General William C. Bischoff.

This case was assigned to the Court following the disqualification of another Guam Superior Court Judge on March 8, 2012. At its June 18, 2012, hearing the Parties informed the Court that their pending motions were fully briefed before the previous judge. The Parties agreed and were ordered to contact the Court's chamber to obtain a hearing date on Plaintiff's Motion to Reconsider Decision and Order, and Defendants' Motion to Amend Answer so as to Add Counterclaim. Since that date there is no record of the Parties contacting the Court as ordered. Pursuant to Rule 7.1(e)(3) of the Local Rules of the Superior Court of Guam the Court now finds that a decision may be, "rendered on the basis of the written materials in the file." Guam R. Civ. P. 7.1(e)(3).

Accordingly the above matters are, as of the date of this order, taken under advisement. After having carefully considered, received, and reviewed the papers and the file herein, the

Court hereby DENIES Plaintiff's motion to reconsider, DENIES Defendants' motion to amend and *sua sponte* DISMISSES this matter under rule 41(b) of the Guam Rules of Civil Procedure.

## BACKGROUND

This matter arises out of Plaintiff's November 26, 2004, Amended Complaint Under the Government Claim's Act. Plaintiff's complaint seeks an award of $7,049,219.08. Plaintiff's complaint alleges it is owed this amount for work it was contracted to perform as part of the cleanup of debris after Super Typhoon Paka struck Guam. Subsequent to filing this suit in May of 2007, Governor Camacho and Congresswoman Bordallo requested a federal appropriation act for Guam's unreimbursed costs from Typhoon Paka. In December of 2007 a Guam appropriation act was signed into law. The act appropriated $11,537,441.00 for the uncompensated debris removal costs from Typhoon Paka and the firefighting costs from the Malojloj hardfill fire. The money was transferred into the Government of Guam's General Fund. The Governor of Guam used this money to pay Plaintiff, $11,132,160.00 and memorialized the payment in a March 14, 2008, settlement agreement. Subsequent to the receipt of this payment Plaintiff moved to dismiss its action. Its dismissal was opposed by the Defendants. On February 2, 2011, the Court entered an order denying Plaintiff's motion to dismiss.

The matter was first assigned to the prior Court on September 1, 2004. Shortly after assignment and prior to filing a responsive pleading, Defendants, on October 25 filed a motion to dismiss Plaintiff's complaint. Plaintiff filed an amended complaint on November 26, 2004, and Defendants again, on December 6, 2004, filed a motion to dismiss. The hearing on the motion to dismiss was, by stipulation, continued three times. The prior Court entered a decision and order on Defendant's motion to dismiss on May 26, 2006.

Defendants filed their Answer on June 6, 2006 and one year later, on July 7, 2007, filed a motion for summary judgment. Nearly one year after the Defendants' motion for summary judgment was filed, Plaintiff, on May 30, 2008, filed its opposition to the summary judgment

motion and its motion to dismiss the case under GRCP Rule 41(a)(2). Defendants, one month later, moved to set aside the settlement agreement supporting Plaintiff's motion to dismiss. Three stipulated continuances were then filed and approved on July 28, November 12, and December 9, 2008 respectively. A request for decision was filed on May 6, 2010. In total the Parties' motions were left pending for nearly 4 years before the prior Court entered a decision.

**Motion to Reconsider**

On February 14, 2011, pursuant to Rule 54(b) of the Guam Rules of Civil Procedure, Plaintiff filed a motion to reconsider the Court's February 2, 2011, Decision and Order, denying Plaintiff's motion to dismiss. To support its motion Plaintiff argues that the Court erred in its analysis and interpretation of Section 6210 of Title 5 of the Guam Code. It argues that the Court incorrectly held that the Guam Attorney General has authority to settle a suit when it is resolved through an externally obtained, U.S. Congress appropriation act and U.S. federal funds.

Plaintiff also argues that the Court erred when it applied Section 6213 of Title 5 of the Guam Code. It argues the Court incorrectly found that Plaintiff was required to present arguments why a judgment should be granted in excess of the original claim, when Plaintiff did not seek a judgment but a dismissal. It also argues that the Court erred by finding under Rule 41(a)(5) that Plaintiff had failed to show the absence of prejudice to Defendants.

On February 24, 2011, Plaintiff filed a paper entitled Amended Plaintiff's Memorandum in Support of Motion to Reconsider Decision and Order. Plaintiff does not assert or explain the necessity for filing this paper. It further cites no rule or law justifying its consideration. The amended paper is six pages longer than the original and is accompanied by seven lettered and attached exhibits.

Defendants filed their Opposition on September 7, 2011. In it Defendants argue that Plaintiff was overpaid by 4 million dollars and had no cognizable claim for repayment outside of this suit. They also argue that the U.S. appropriation under the Act was not specific to Plaintiff and once it was deposited into the Territory's general fund, it was the Territory's

money and its dispersal subject to Guam's laws. Defendants argue that dismissal of this case would prejudice them because it would disallow their intended counterclaim for the return of the payment and deprive the Court of jurisdiction over the prior settlement. Finally, Defendants argue that Plaintiff's request to reconsider is not appropriate under the facial limitations of Rule 54(b) or the clear error requirements of Rule 60(b) of the Guam Rules of Civil Procedure.

Plaintiff filed a Reply on November 14, 2011. Plaintiff's reply paper is contained within 23 pages. Prior to filing its brief Plaintiff did not seek or obtain permission to file additional pages. In it Plaintiff argues that its reconsideration should be reviewed under Rule 54(b) of the Guam Rules of Civil Procedure's less stringent standard because the decision was interlocutory, not wholly disposing of the entire case. Citing a 2003 California case Plaintiff argues that the appropriate standard of review under 54(b) only requires the identification of any legitimate reason the Court deems to be just.

Plaintiff disputes the Defendants' assertion that it was overpaid. To support this argument Plaintiff cites to assertions made in the settlement agreement that Plaintiff was owed 11.8 million dollars and argues that its agreement to accept 11.1 million dollars was, in context, fair and reasonable. Plaintiff argues that the Court's decision to set aside the settlement contract was error because it fell outside of the parameters of the Government Claim's Act; it being resolved though a parallel legislative process.

Plaintiff also disputes the Defendants' argument that the appropriation money was not specifically allotted to it by the U.S. Congress. In support of this argument Plaintiff cites to the evidences before Congress at the time of appropriation and argues that its claim was the only Guam Typhoon claim before Congress. Plaintiff argues that therefore, the Act's specificity to Plaintiff can be inferred from the circumstances. Following this argument Plaintiff argues that any other disbursement would violate the supremacy of U.S. Constitution and that the Territory of Guam is not entitled to use or retain any portion of the federal funds it recieved. Lastly Plaintiff argues that Defendants' motion to oppose Plaintiff's dismissal request violates Rules 1.7 and 1.9 of the Guam Rules of Professional Conduct because they are evidence of the Guam

Attorney General acting in conflict with policies of the Governor of Guam.

**Motion to Amend**

On August 19, 2011, Defendants filed a motion to amend answer. In it Defendants request to add a counterclaim for $11,132,160.00 to their pleading. In support of their motion Defendants cite to Rule 15 of the Guam Rules of Civil Procedure and argue that their motion is not a result of undue delay, bad faith, or dilatory motive. They assert that grounds for their motion to amend did not arise until the Court's February 2, 2011 Decision and Order set aside the Plaintiff's settlement agreement.

Plaintiff filed its opposition on November 7, 2011. In it Plaintiff argues that Defendants have been on notice of their right to seek to obtain reimbursement since March of 2008 and have waited over three years to request amending their pleading. Plaintiff asserts that the increased litigation costs that will result from adding a counterclaim will unduly prejudice it. Plaintiff also argues that allowing amendment would be futile because it was legally entitled to the funds dispersed through the settlement agreement.

Defendants did not file a reply paper. After sitting on the matter for almost eight years the prior Court recused itself from the case.

**DISCUSSION**

**Motion to Reconsider or Correct**

The Court is not persuaded that reconsideration in this matter is appropriate under Rule 54(b). Motions to reconsider, at the time Plaintiff filed its motion, were first regulated by Rule 7.1(i) of the Local Rules of the Superior Court of Guam. This rule provides, "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original argument." Super Ct. Guam R. 7.1(i) 2007. In this case Plaintiff fails to cite or explain how the arguments made in its motion to reconsider were not raised in its prior motions. Mot. at 1-12. A review of the file herein reveals that many if not each of the Plaintiff's arguments in its reconsideration papers were raised previously. DRC v.

GEPA, CV0894-04, at 1-5 (February 2, 2011); Opp. to Set Aside Settlement at 1-10; Reply to Opp. to Mot. to Dismiss at 1-3; Cross Mot. to Dismiss at 1-9.

A Court has an inherent power to correct mistakes which are not the result of the exercise of judgment. *Gagnon v. U.S.*, 193 U.S. 451, 456-57, Guam R. Civ. P. 54, 59, 60. This ability has long been recognized by the U.S. Supreme Court and has been specifically and broadly promulgated into the Guam Rules of Civil Procedure. *Id.* Rule 60(a) of the Guam Rules of Civil Procedure provides that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders." Guam R. Civ. P. 60(a). Rule 60(b) also allows for the correction of inadvertent error. Guam Rules Civ. P. 60(b).

Error which is the result of careful consideration by the Court may not be set aside except under appropriate statutes, rules or through appeal. *Bank v. Moss*, 47 U.S. 31, 38-39 (1848). In Guam, Rules 59(e) and 60(b)(6) of the Guam Rules of Civil Procedure have been interpreted to allow a Court to re-consider the exercises of a Court's judgment that are not clerical or inadvertent. *Sananap v. Cyfred*, Ltd., 2009 Guam 1, ¶¶ 17-19. In 1998 the Guam Supreme Court explained, "[c]ourts use rule 60(b)(6) relief sparingly as an equitable remedy to prevent manifest injustice and grant relief only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment." *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 9.

Rule 54(b) on its face does not allow the reconsideration sought by Plaintiff. Guam R. Civ. P. 54(b)[1]. It allows a Court, in cases involving multiple parties and multiple claims to

---

[1] Rule 54(b) provides,

reconsider orders made as to some of the parties or some of the issues before it enters final judgment. These facts do not apply in this case. Moreover, the Guam Supreme Court has yet to interpret and apply this rule in the manner argued by Plaintiff. In light of the above standards the Court is not convinced the Guam Supreme Court would apply a less stringent standard under 54(b) than those it has already established for reconsiderations of carefully considered orders.

Plaintiff in this case does not contest that it has not demonstrated that the Court's February 2, 2011, Decision and Order was clearly erroneous or manifestly unjust. Reply at 4-7. Moreover, reviewing the arguments and assertions of the Plaintiff the Court finds that they do not merit reconsideration under the above standards.

**Motion to Amend**

Rule 15 of the Guam Rules of Civil Procedure regulates a party's ability to amend its pleadings. Guam R. Civ. P. 15. It provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Guam R. Civ. P. 15. In 2005 the Guam Supreme Court instructed that, when analyzing a request to amend a pleading, a

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such a determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Guam R. Civ. P. 54(b).

court is to consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co., Inc. v. Nakashima Enterprise, Inc.*, 2005 Guam 2, ¶ 16.

The length of time that this matter has been pending without disposition, at minimum, can be described as less than aspirational. This case began over 9 years ago on August 20, 2004, with Plaintiff's first pleading. Compl. at 1. Defendants filed their answer to Plaintiff's Amended Complaint on June 5, 2006. Answer at 1. Their motion to amend their answer was filed over 4 years later. Mot. at 1. Defendants' argue that they could not have requested amendment sooner because, although the settlement agreement was filed on June 10, 2008, it was not set aside, and therefore their cause of action did not arise until the entry of the Court's February 2, 2011 decision. Mot. at 2.

The Court is not persuaded by this argument. While a counterclaim asserting that Plaintiff wrongfully obtained the settlement funds may be argued to have been contingent upon knowledge of the settlement agreement and the transfer of the funds, it cannot be reasonably argued to have been contingent upon the Court's first setting aside the settlement agreement distributing those funds. At a minimum the file reveals that Defendants in this case were made aware of the settlement agreement on June 10, 2008. Decl. William C. Bischoff in Support of Motion to Set Aside Settlement Agreement. Considering these facts under the appropriate standard the Court cannot find that allowing amendment at this late date is in the timely interest of justice." *Arashi & Co., Inc.*, 2005 Guam 2, ¶ 16.

**Rule 41(b) Involuntary Dismissal**

Rule 41(b) regulates the timely prosecution and disposition of cases filed before this

Court. This year the Guam Supreme Court, interpreting this rule held that when considering a dismissal for failure to prosecute, a court must first find the existence of one of the following five factors:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the defendants;
4. The public policy favoring the disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Guam Economic Development Authority v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 11. Upon the finding of the existence of at least one of the above factors, a court is then instructed to review the particular case and determine whether there has been a pattern of delay. *Id.*

A review of the facts of this case reveals that the elements for dismissal in this case have been readily met. At its heart this case involves a claim against the Territory of Guam for payment of services it contracted and received. Am. Compl. 1-6. As a matter of financial integrity and fiscal responsibility, all cases involving the timely payment of the Territory's debts should fall within the scope of the first factor listed above. Under the second factor the Court is very cognizant of the need to manage its docket so as to allow all parties who appear before it a timely disposition of disputed matters. This duty and need is heightened when it is assigned to manage cases that have been pending for more than three years. Under the third factor, any litigation of this type, drawn out over a period of 9 years, is axiomatically prejudicial to both parties.

A review of the file reveals that since the commencement of this case there has been a pattern of delay. The Parties have repeatedly failed to timely agree upon and set hearing dates for their motions as well as repeatedly filed numerous stipulations and requests to continue

deadlines and hearing dates past a time for their reasonable disposition. In this case the burden for a timely disposition of the motions, as well as the case, falls squarely upon both Parties. Subsequent to Defendants' filing their December 4, 2004 pre-pleading motion to dismiss Plaintiff's first Amended Complaint, a minimum of three stipulated continuances were filed. A decision upon the motion was not entered until nearly one year and five months later on May 15, 2006.

Subsequent to filing their answer, Defendants' next substantive motion was not noticed for hearing for nearly two years or on March 13, 2008. After the hearing was set three more stipulated motions to continue were filed and approved. Ultimately the motion was not disposed by the prior Court until March, 2, 2011, nearly three years later.

In the instant motions, and subsequent to this Court being assigned and ordering that the Parties contact the Court's chambers to set this matter for hearing, more than one year has passed without either Party complying with the Court's order. Under the standard set forth above the Court finds that these facts are sufficient to support a finding of dismissal under Rule 41(b) of the Guam Rules of Civil Procedure. *Guam Economic Development Authority*, 2013 Guam 12 ¶ 16.

## CONCLUSION

Based on the foregoing, the Plaintiff's motion to reconsider is DENIED. Defendants' motion to amend is DENIED and this matter is DISMISSED with prejudice.

SO ORDERED, this _12_ day of _November_ 2013.

I do hereby certify that the foregoing is a full ... the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

NOV 2 9 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam